HANLON NIEMANN & WRIGHT, P.C.
Richard C. Sciria (Id #035861999)
3499 Route 9 North
Suite 1-F
Freehold, N.J. 07728
732-863-9900, Fax 732-780-3449
Email: rsciria@hnlawfirm.com
*Attorneys for Plaintiff Donald Cook*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD COOK,<br><br>  Plaintiff,<br><br>vs.<br><br>UNION TOWNSHIP; JOHN DOES (1-10); ABC CORPS (1-10),<br><br>  Defendant. | Civil Action<br><br>Docket No.:<br><br>**COMPLAINT** |

Plaintiff, Donald Cook, residing at 301 Clare Court, Marlboro Township (Morganville), Monmouth County, New Jersey, by way of complaint against defendant, Union Township, New Jersey, with its principal office at 1976 Morris Avenue, Union, Union County, New Jersey 07083, says as follows:

### PARTIES

1. Plaintiff, Donald Cook ("Cook"), was employed by the Police Department ("Department") of Union Township ("Union" or "the Township") from July 29, 1994 to October 2003 as a patrolman.

2. Thereafter, from October 2003 to his retirement date on August 1, 2022, Cook was assigned to the Identification Section of the Detective Bureau (ID Unit) in the Department.

1

3. The Department is – and was at all relevant times alleged in the within Complaint – a public employer as defined by and pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("F.L.S.A."), specifically 29 U.S.C. §203(d), and also a "public agency" as defined under the F.L.S.A., 29 U.S.C. §203(x); and under the New Jersey Wage Payment Law (WTA) specifically N.J.S.A. 34:11-4.1, et seq.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is properly vested in this court pursuant to 28 U.S.C. 1331 (federal question jurisdiction). Jurisdiction is further conferred upon the Court pursuant to Section 16(b) of the F.L.S.A., 29 U.S.C. §216(b).

5. Venue of the within action is properly laid in this court pursuant to 28 U.S.C. §1391(b) in that the Defendants reside in this district and the claims asserted by plaintiffs arose in this district.

## FACTUAL BACKGROUND

6. Pursuant to the terms of their governing collective bargaining agreement ("Agreement"), and at all times relevant thereto while the plaintiff was a detective in the ID Unit, plaintiff was required to work 40 hours in a work week.

7. In the year 2005, the Department Detective Bureau created a weekend schedule as to who would be responsible for weekend on-call duty.

8. The term "On-Call" as it related to weekend on-call duty is defined in the Agreement as that status of readiness for return to duty whereby the officer is prepared to respond within thirty (30) minutes to an assigned duty location.

9. Under Article V.E of the Agreement, any work time that plaintiff spent during a week beyond the hours of his regular shift was to be compensated at a rate of one hour for each two (2) hours of "On-Call" time.

10. Also under Article V.E of the Agreement, all weekend on-call duty was performed by plaintiff at no compensation unless plaintiff was required to report to work while on-call.

11. Under the F.L.S.A., the plaintiff was required to be paid at a rate of time and one-half his normal hourly rate for all overtime work performed.

12. During the time that plaintiff was a detective the ID Unit, he was assigned to weekend "on-call" duty from July 2005 until March 11, 2021 every two (2) weekends, and during a period of eight (8) months of consecutive weekends every weekend.

13. However, the Agreement excluded detectives in the ID unit from weekend on-call duty.

14. Nevertheless, plaintiff was required to perform work in off-duty hours despite being excluded from weekend on-call duty in the Agreement.

15. The Agreement provided for no compensation for weekend on-call duty unless the detective is called in for duty.

16. Weekend on-call duty required the plaintiff to be within thirty (30) minutes to an assigned duty location if called in for duty.

17. During weekend on-call duty, plaintiff was restricted from going on vacations, restricted to a specific geographic location, prevented from attending social events, restricted from consuming alcohol, and otherwise being ready at all times to be called in for duty.

18. Thus, the plaintiff was restricted in his freedom of movement and required to be in a status of readiness at all times for return to duty within thirty (30) minutes of an assigned duty location.

19. Plaintiff had no ability to maintain a flexible on-call schedule nor with on-call shifts.

20. Plaintiff was prevented from being engaged in personal activities during on-call time.

21. Plaintiff was prevented from traveling or taking vacations during on-call time.

22. Notably, plaintiff was assigned to weekend on-call time in violation of the Agreement since ID Detectives were excluded under the Agreement for on-call time.

23. During the entire time that plaintiff provided such weekend on-call duty, he was never compensated for the time that represented work over the 40-hour time period.

24. The failure to provide overtime work has been knowing and willful on the part of the defendant.

## FIRST COUNT
## VIOLATION UNDER THE FAIR LABOR STANDARDS ACT

25. Plaintiff repeats and re-alleges each and every one of the foregoing allegations and incorporates them herein by way of reference as if set forth at length.

26. At all relevant times, plaintiff was entitled to the rights, protections and benefits provided under the F.L.SA., 29 U.S.C. §207(a)(1).

27. Upon information and belief, the Department was aware of the provisions of the F.L.S.A.

28. Under the F.L.S.A., the Department was required to provide overtime payments for all work time that the plaintiff spend on weekend on-call duty beyond the time of their regular shifts.

29. The Department failed to do so.

30. The failure by defendant to pay such overtime compensation in a knowing, willful or reckless violation of the F.L.S.A., within the meaning of the applicable statute of limitations, 29 U.S.C. §255(a), for which defendant is liable.

31. The Department violated the terms of the F.L.S.A.

32. The plaintiff has been damaged as a result of the Department's and Township's failure to provide proper overtime compensation and their violations of the F.L.S.A.

33. The plaintiff has been deprived of overtime compensation over a period of three (3) years.

**WHEREFORE, plaintiff demands:**

(a) A judgment declaring that the defendants have willfully, recklessly and wrongfully violated their statutory and legal obligations, and deprived the plaintiff of his rights, protections and entitled under federal law, as alleged herein;

(b) An Order for a complete and accurate accounting of all the overtime compensation that defendant has denied plaintiff;

(c) Judgment against the defendant awarding plaintiff monetary damages as follows:

    (1) overtime compensation at the appropriate rates for three years of overtime work;

    (2) liquidated damages in an amount equal to their unpaid overtime compensation, pursuant to 29 U.S.C. §216(b);

      (3)    pre-judgment interest; and

      (4)    post-judgment interest;

(d)    Attorneys' fees and costs as set forth in the F.L.S.A. 29 U.S.C. 216(b); and

(e)    Such other and further relief as the Court may deem appropriate.

## SECOND COUNT
## VIOLATION UNDER THE NEW JERSEY WAGE PAYMENT LAW

34.    Plaintiff repeats and re-alleges each and every of the foregoing allegations and incorporates them herein by way of reference as if set forth at length.

35.    At all relevant times, plaintiff was entitled to the rights, protections and benefits provided under the New Jersey Wage Payment Law (NJWTA); *N.J.S.A. 34:11-4.1- 33.6.*

36.    Upon information and belief, the Department was aware of the provisions of the NJWTA.

37.    Under the NJWTA, the Department was required to provide overtime payment for all work time that the plaintiff spent on Weekend On-Call Duty beyond the time of his regular shift.

38.    The Department failed to do so.

39.    The failure by defendant to pay such overtime compensation is a bad faith violation of the NJTWA without reasonable grounds to believe such actions was not a violation of the NJWTA.

40.    The Department violated the terms of the NJWTA.

41.    The plaintiff has been damaged as a result of the Department's and Township's failure to provide proper overtime compensation and their violations of the NJWTA.

42.    The plaintiff has been deprived of overtime compensation over a period of six (6) years.

**WHEREFORE, plaintiff demands:**

(a) A judgment declaring that the defendants have willfully, recklessly and wrongfully violated their statutory and legal obligations, and deprived the plaintiff of his rights, protections and entitled under federal law, as alleged herein;

(b) An Order for a complete and accurate accounting of all the overtime compensation that defendant has denied plaintiff;

(c) Judgment against the defendant awarding plaintiff monetary damages as follows:

    (1) overtime compensation at the appropriate rates for six years of overtime work;

    (2) liquidated damages in an amount equal to 200% unpaid overtime compensation, pursuant to N.J.S.A. 34:11-4.1 et seq.

    (3) pre-judgment interest; and

    (4) post-judgment interest;

(d) Attorneys' fees and costs as set forth in the N.J.S.A. 34:11-4.1 et seq.; and

(e) Such other and further relief as the Court may deem appropriate.

## THIRD COUNT
## VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

43. Plaintiff repeats and re-alleges each and every of the foregoing allegations and incorporates them herein by way of reference as if set forth at length.

44. At all relevant times, plaintiff was a member of the Collective Bargaining Agreement between the defendant Township and the Policemen's Benevolent Association, Local No. 69, Township of Union.

45. The Agreement specifically stated that plaintiff as a Detective in the Identification Unit was excluded from Weekend On-Call Duty.

46. Despite such provisions in the Agreement, plaintiff was required to perform Weekend On-Call Duty.

47. In fact, as only one of two Detectives in the Identification Unit, plaintiff was required to work a substantially greater amount of weekends for On-Call Duty (every other weekend on average) that the other Detectives in the Department (5-6 weekends per year on average).

48. Despite plaintiff's complaints and grievances filed against the defendant and Township to be excluded from weekend On-Call Duty, the defendant and Township refused to relieve plaintiff from his Weekend On-Call Duty until shortly before his retirement.

49. The defendant and Township's ultimate decision to relieve plaintiff from his Weekend On-Call Duty on March 11, 2021 after almost sixteen (16) years of being required to perform Weekend On-Call Duty assignments is an admission of liability by the defendant as to its violation of the Agreement.

50. The Department was aware of the provisions of the Agreement in that plaintiff as a Detective in the Identification Unit was excluded from Weekend On-Call Duty.

51. Nevertheless, the Department failed to exclude plaintiff from Weekend On-Call Duty assignments.

52. The Department violated the terms of the Agreement.

53. The plaintiff has been damaged as a result of the Department's and Township's violation of the Agreement in that plaintiff was required to perform work for Weekend On-Call Duty without pay even though plaintiff was excluded from Weekend On-Call Duty under the Agreement.

54. The plaintiff has been deprived of compensation in perform working for Weekend On-Call Duty over a period up to six (6) years.

**WHEREFORE, plaintiff demands:**

(a) A judgment declaring that the defendants have willfully, recklessly and wrongfully violated their statutory and legal obligations, and deprived the plaintiff of his rights, protections and entitled under federal law, as alleged herein;

(b) An Order for a complete and accurate accounting of all the overtime compensation that defendant has denied plaintiff;

(c) Judgment against the defendant awarding plaintiff monetary damages as follows:

    (1) overtime compensation at the appropriate rates for six years of overtime work;

    (2) pre-judgment interest; and

    (3) post-judgment interest;

(d) Attorneys' fees and costs; and

(e) Such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38, Plaintiff demands a trial by jury on all Counts.

HANLON NIEMANN & WRIGHT, P.C.
Attorneys for Plaintiff Donald Cook

RICHARD C. SCIRIA

DATED: April 5, 2023