<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD COOK,<br><br>      Plaintiff,<br><br>v.<br><br>UNION TOWNSHIP; JOHN DOES 1-10; and ABC CORPS. 1-10,<br><br>      Defendants. | No. 23cv1924 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Donald Cook ("Cook") is a retired police officer formerly employed by Defendant Union Township ("Union"). Cook sued Union for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), D.E. 1 ("Complaint" or "Compl.") at 4-6, and the New Jersey Wage Payment Law ("NJWPL"), *id.* at 6–7, as well as for being required to work weekend on-call duty in violation of the governing collective bargaining agreement ("Agreement"), *id.* at 7–9.

Union now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 11-1 ("Mot."). The Court has reviewed the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons set forth below, Union's motion will be **GRANTED** and Cook's Complaint will be **DISMISSED without prejudice**.

I. BACKGROUND[1]

A. Factual Background

Union employed Cook as a police officer from 1994 until his retirement in 2022. Compl. ¶¶ 1–2. From 2003 until his retirement, Cook was a detective in the Detective Bureau's Identification Unit ("ID Unit"). *Id.* ¶ 1.

The terms of Cook's employment were governed by an Agreement[2] between Union and the Township of Union Policemen's Benevolence Association Local 69. *Id.* ¶ 44. The Agreement defines "overtime" as all work performed in excess of 40 hours per week and provides that such time is compensable at the rates specified therein. D.E. 11-3 at 30. The Agreement defines "on call" as "the status of readiness for return to duty whereby the officer is prepared to respond within thirty (30) minutes to an assigned duty location," and provides that such time spent on call is only compensable for detectives if actually called in for duty. *Id.* at 31. The Agreement excludes ID Unit detectives from being assigned to weekend on-call duty. *Id.* at 31–32.

Nevertheless, from July 2005 until March 11, 2021, Cook, as one of only two ID Unit detectives, was assigned to weekend on-call duty much more frequently than other department detectives. Compl. ¶ 47. Having "no ability to maintain a flexible on-call schedule," *id.* ¶ 19, Cook was assigned to on-call duty every other weekend and, for a period of eight consecutive months, every weekend. *Id.* ¶ 12. While on call, he "was prevented from being engaged in personal activities." *Id.* ¶ 20. Specifically, he "was restricted from going on vacations, restricted to a specific geographic location, prevented from attending social events, restricted from

---

[1] The facts in this section are derived mainly from the well-pleaded allegations in the Complaint, which the Court presumes to be true for purposes of resolving the instant motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2] Though the attached Agreement is dated January 1, 2013, through December 15, 2015, neither party disputes that its terms govern this dispute. D.E. 11-3 at 17.

2

consuming alcohol, and otherwise [required to be] ready at all times to be called in for duty." *Id.* ¶ 17. Cook was relieved from weekend on-call duty on March 11, 2021, despite earlier "complaints and grievances filed against [Union] to be excluded" from such. *Id.* ¶¶ 48–49. He "was never compensated for the time that represented work over the 40-hour time period." *Id.* ¶ 24.

### B. Procedural Background

Cook filed his Complaint on April 5, 2023. *Id.* at 9. The Complaint alleges three counts:

- Count One: failure to pay overtime compensation for all work time spent on weekend on-call duty beyond the regular work period in a knowing, willful, or reckless violation of the FLSA, *id.* at 4–6;
- Count Two: failure to pay overtime compensation for all work time spent on weekend on-call duty beyond the regular work period in a bad faith violation of the NJWPL, *id.* at 6–7; and
- Count Three: breach of Agreement for assigning Cook to weekend on-call duty, *id.* at 7–9.

Union now moves to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Mot. at 1. Cook opposes. D.E. 17 ("Opp'n"). Defendant replies. D.E. 18 ("Reply").

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)[3]

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), may be brought as either a facial or factual challenge. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack challenges the sufficiency of a claim on its face "to invoke the subject

---

[3] "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 37639, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994)).

matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional defect is present." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack challenges subject-matter jurisdiction on the basis that "the facts of the case do not support the asserted jurisdiction. . . . [F]or example, while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Id.*; *see also Davis*, 824 F.3d at 346 (explaining that a factual attack "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts'" (quoting *Aichele*, 757 F.3d at 358)).

When reviewing a factual attack, the court may "weigh and consider evidence outside the pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (explaining that "no presumptive truthfulness attaches to [the] plaintiff's allegations"). When reviewing a facial attack, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (first citing *Mortensen*, 549 F.2d at 891; then citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

### B. Rule 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Pleading entitlement to relief does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted), but it does require "more than labels and conclusions," *id.* at 548 ("[A] formulaic recitation of the elements of a cause of action will not do."). Specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Thus, to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility is established where the reviewing court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "context-specific" plausibility analysis requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the court cannot "infer more than the mere possibility of misconduct" from the well-pleaded facts, "the complaint has alleged—but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "must consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

III.    ANALYSIS

    **A.  Cook's FLSA Claim is Barred by the Two-Year Statute of Limitations[4]**

Union argues that Cook's FLSA claim is time-barred by the two-year statute of limitations and that Cook has not sufficiently pleaded willfulness to extend the presumptive two-year statute of limitations to three years.[5] Mot. at 16. Cook responds that the three-year statute of limitations applies to his unpaid overtime claim because Union willfully violated the terms of the Agreement by assigning him to weekend on-call duty throughout the entirety of his employment. Opp'n at 13–14. The Court agrees with Union and thus, will dismiss Cook's FLSA claim against Union without prejudice.

The statute of limitations for an unpaid overtime claim under the FLSA is "two years after the cause of action accrued." *Hernandez v. Polly Inc.*, 2022 U.S. Dist. LEXIS 230360, at *9 (D.N.J. Dec. 21, 2022) (internal quotations omitted) (quoting *Acosta v. Holland Acquisitions, Inc.*, 2018 U.S. Dist. LEXIS 202118, at *5 (W.D. Pa. Nov. 29, 2018) (first citing 29 U.S.C. § 255(a); then citing *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991))). However, the two-

---

[4] While a statute of limitations defense generally "must be raised in the answer," this Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Dismissal is appropriate on statute of limitations grounds where it is apparent from the complaint's face that the cause of action is time-barred. *Demby v. City of Camden*, 2022 U.S. Dist. LEXIS 171428, at *3 (D.N.J. Sept. 22, 2022) (citing *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017)).

[5] Here, Union asserts a facial 12(b)(1) challenge to Cook's FLSA claim. *See Aichele*, 757 F.3d at 358 (noting that the defendant's motion, by definition, was a facial attack because it was filed before any answer to the complaint had been filed or competing facts had otherwise been presented); *see also Mortensen*, 549 F.2d at 892 n.17 ("A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted."); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). Therefore, the Court considers the allegations in the light most favorable to Cook.

year period is extended to three years if the claim arises out of a willful violation of the FLSA. *Id.* Here, the presumptive two-year statute of limitations period expired on or around March 11, 2023—two years after Cook was relieved from weekend on-call duty, Compl. ¶ 49. *See Genarie v. PRD Mgmt., Inc.*, 2006 U.S. Dist. LEXIS 9705, at *14 (D.N.J. Feb. 17, 2006) ("[A] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which services were rendered and for which the overtime compensation is claimed." (quoting *Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66, 70 (M.D. Pa. 1960))). Thus, Cook's FLSA claim, which was filed on April 5, 2023, Compl. at 9, is time-barred unless Cook sufficiently pleaded a willful violation of the FLSA, *Buchspies v. Pfizer, Inc.*, 2019 U.S. Dist. LEXIS 176209, at *9 (D.N.J. Oct. 10, 2019)—that is, that Union "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter,'" *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

To sufficiently plead willfulness "[a]t the motion to dismiss stage, 'it is insufficient to merely assert that the employer's conduct was willful; the [c]ourt must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'" *Id.* (quoting *Ochoa v. Pearson Educ., Inc.*, 2012 U.S. Dist. LEXIS 3802, at *3 (D.N.J. Jan. 12, 2012)). "[W]illfulness 'does not require a showing of egregiousness.'" *Liu v. Cheng DU 23 Inc.*, 2022 U.S. Dist. LEXIS 164784, at *15 (D.N.J. Sept. 13, 2022) (quoting *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019)). It does, however, "'require[] a more specific awareness of the legal issue' as opposed to general awareness." *Id.* (quoting *Souryavong*, 872 F.3d at 126); *see also Souryavong*, 872 F.3d at 126 ("Acting only 'unreasonably' is insufficient—some degree of actual awareness is necessary."). "An employer's awareness of possible violations of

7

the FLSA, together with an 'indifference toward the requirements imposed' by the statute[,] supports a finding of willfulness." *Garcia v. Tenafly Gourmet Farms, Inc.*, 2012 U.S. Dist. LEXIS 28649, at *6 (D.N.J. Mar. 5, 2012) (quoting *Martin*, 949 F.2d at 1296).

For example, in *Hernandez*, willfulness was sufficiently pleaded where the plaintiff alleged (1) "he regularly worked an average of 59 hours per week"; (2) "he was never paid time-and-a-half for any of his overtime hours"; and (3) "[d]efendant neither tracked his hours nor required him to record his time despite [defendant's] responsibility to 'maintain employment records.'" *Hernandez*, 2022 U.S. Dist. LEXIS 230360, at *11; *see also Garcia*, 2012 U.S. Dist. LEXIS 28649, at *6–7 (finding that plaintiff sufficiently pleaded willfulness by alleging similar facts). Conversely, willfulness was not sufficiently pleaded where the plaintiffs alleged that their employer denied their repeated requests for overtime compensation because "[a]t best, this conduct would constitute only a negligent violation of the FLSA, . . . [not that] the [defendant] knew or recklessly disregarded a risk that it was violating the FLSA." *Pignataro v. Port. Auth.*, 593 F.3d 265, 273 (3d Cir. 2010). *But see Gaytan v. G&G Landscaping Constr., Inc.*, 145 F. Supp. 3d 320, 327-28 (D.N.J. 2015) (finding that the plaintiff sufficiently pleaded employer's reckless disregard by alleging that after "inform[ing] at least two of [the defendant's] employees, including its owner, that he was not being fully compensated[,] . . . [the] owner replied that [the defendant] was not obligated to pay [the plaintiff] for [such time]"); *Jelks v. Newark Cmty. Health Ctrs.*, 2013 U.S. Dist. LEXIS 167418, at *10 (D.N.J. Nov. 22, 2013) (finding that willfulness was not pleaded where the plaintiff did not allege that the defendant "disregarded her complaints [about being denied compensation, or] . . . expressed concern that their behavior in not paying her for this time may not be legal").

Here, both the Complaint and Cook's opposition lack specific allegations supporting Cook's conclusory assertion that Union willfully violated the FLSA by failing to provide overtime compensation for Cook's frequent weekend on-call duty. Compl. ¶¶ 12, 23. Cook only alleges that Union "was aware of [his] complaints and grievances to be excluded from weekend on-call duty, refused to relieve [him from weekend on-call duty] . . . until shortly before his retirement[,] . . . [and assigned Cook to] significantly more weekend[s of] on-call duty when compared to other detectives within the department." Opp'n at 14; Compl. ¶¶ 47–49. These allegations do not sufficiently plead that "[Union] was aware of the provisions of the [FLSA]," let alone that Union willfully violated the FLSA. Compl. ¶ 27. As pleaded, the alleged complaints and grievances only related to Union assigning Cook to weekend on-call duty—not Union's failure to provide compensation for such on-call duty. Therefore, while this may sufficiently plead that Union knew or recklessly disregarded that it was violating the Agreement, it does not sufficiently plead that Union knew that its failure to compensate Cook for weekend on-call duty may violate the FLSA, or even "that [it] ignored or failed to investigate [Cook's] complaints," in reckless disregard of its FLSA obligations. *Jelks*, 2013 U.S. Dist. LEXIS 167418, at *10 (internal quotations omitted) (quoting *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009)) (finding that plaintiff's "allegations say nothing about [d]efendant's knowledge or disregard for its legal obligation").

To the extent that Cook's opposition alleges various attempts to file his grievance regarding overtime compensation with Union, Opp'n at 2–5, such allegations *may* sufficiently plead willfulness. *See, e.g.*, *Martin*, 949 F.2d at 1296 (affirming district court's finding that the employer's "evident indifference towards the requirements imposed by the FLSA," which was established where the employer "continued using [the pay structure at issue] despite [expressing]

9

concerns and doubts as to its legality," "is fully consistent" with a willful FLSA violation). However, these allegations are not included in the Complaint and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Therefore, Cook's FLSA claim is time-barred by the two-year statute of limitations since the Complaint does not sufficiently plead willfulness.

Accordingly, Union's motion to dismiss Cook's FLSA claim will be granted and Cook's FLSA claim will be dismissed without prejudice. Cook may file an amended complaint within 30 days of the accompanying order to address the pleading deficiencies identified herein. *See Fenwick v. Sotheby's*, 2022 U.S. Dist. LEXIS 209018, at *8 (D.N.J. Nov. 17, 2022) ("[L]eave to amend a pleading 'shall be freely given when justice so requires.'" (first quoting Fed. R. Civ. P. 15(a); then citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). If Cook does not file an amended complaint within 30 days, the dismissal of his FLSA claim will then be with prejudice.

**B. Supplemental Jurisdiction Over the Remaining State Claims Will be Declined**

Having dismissed Cook's FLSA claim—the only claim "over which [the Court] had original jurisdiction"—the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims for a NJWPL violation and breach of the Agreement. *Barry v. Pennsauken Bd. of Educ.*, 2018 U.S. Dist. LEXIS 191395, at *8 (D.N.J. Nov. 7, 2018) (citing 28 U.S.C. § 1367(c)(3)). The Court declines to do so.

Typically, the court "'must decline' to exercise supplemental jurisdiction in such circumstances [where no federal claims remain] 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* at *8–9 (quoting *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017)). "Where the federal claims

are dismissed at an early stage in the litigation," as is the case here, "courts generally decline to exercise supplemental jurisdiction over state claims." *Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, 2020 U.S. Dist. LEXIS 17856, at *21 (D.N.J. Jan. 31, 2020) (first citing *United Mine Workers v. Gibbs*, 383 U.S. 716, 726 (1966); then citing *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993)).  Accordingly, the Court declines to exercise supplemental jurisdiction and will dismiss Cook's state claims without prejudice.[6]

## IV.   CONCLUSION

For the reasons set forth above, Union's motion to dismiss will be **GRANTED** and Cook's Complaint will be **DISMISSED without prejudice**.  An appropriate Order accompanies this Opinion.  Cook will have 30 days from the entry of the accompanying Order to file an Amended Complaint.

Dated: November 3, 2023

*Evelyn Padin* (signature)
Evelyn Padin, U.S.D.J.

---

[6] Because the Court will dismiss Cook's federal FLSA claim without prejudice, Cook may file an amended complaint within 30 days of the accompanying order, in which Cook may elect to amend his state law claims.  Thus, "it is more efficient to decline supplemental jurisdiction now and revisit the issue if and when [Cook] files an amended complaint that sets forth a federal-law cause of action." *Lopez v. Nationstar Mortg. LLC*, 2023 U.S. Dist. LEXIS 140243, at *17–18 (D.N.J. Aug. 11, 2023); *see also McKinney v. Piazza*, 2022 U.S. Dist. LEXIS 225053, at *41 n.9 (D.N.J. Dec. 14, 2022); *Burns v. Cath. Health*, 2016 U.S. Dist. LEXIS 47287, at *6 n.1 (D.N.J. Apr. 7, 2016) (same).

11